105003-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:23-cv-1244

THE ESTATE OF UKEN CUMMINGS, by its
Personal Representative STEPHANIE
THOMPSON,

    Plaintiff,

vs.

CVS HEALTH CORPORATION, CVS
PHARMACY, INC., and SHAMOSH 5, LLC,

    Defendants.

_____/

## **DEFENDANTS', CVS HEALTH CORPORATION AND CVS PHARMACY, INC., NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, CVS Health Corporation and CVS Pharmacy, Inc. (hereinafter, "CVS") hereby remove the above-styled action from the Ninth Judicial Circuit for Orange County, Florida, to the United District Court for the Middle District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendants state as follows:

    1.    Plaintiff filed this civil action against the Defendants, CVS Health Corporation and CVS Pharmacy, Inc., in the Ninth Judicial Circuit for Orange County, Florida styled *The Estate of UKEN CUMMINGS, by its Personal Representative, STEPHANIE THOMPSON, vs. CVS HEALTH CORPORATION; CVS PHARMACY, INC.; and SHAMOSH 5, LLC,* Case No. 2023-CA-

011286-O[1]. A true and correct copy of all process and pleadings served upon Defendants, including all pleadings and docket entries filed in the state court are attached hereto as **Composite Exhibit 1** in compliance with 28 U.S.C. § 1447(b).

2. This action involves the alleged wrongful death of the Plaintiff and Plaintiff's claim for negligent security resulting from an incident alleged to have occurred in the parking lot of the CVS Pharmacy located at 6217 Silver Star Road, Orlando, Florida 32808. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex. 1.

3. On or about June 1, 2023, the Plaintiff served Defendants. *See* Confirmation of Service of Process, attached hereto as part of Composite Ex. 1.

4. Defendants filed this Notice of Removal within thirty (30) days of being served with Plaintiff's Complaint on July 3, 2023[2]. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

5. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs; and (2) the action is between citizens of different states. *See id*.

6. The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of

---

[1] Plaintiff has incorrectly named CVS Pharmacy, Inc. as a defendant in this action. Without admitting liability or any allegations in this action, Holiday CVS, LLC is the only correct legal entity.

[2] Removal deadline, July 1, 2023, fell on a Saturday.

the state circuit court, the Plaintiff has demanded Defendants' policy limits, which are well in excess of $75,000. *See* Plaintiff's Demand Letter, attached hereto as **Exhibit 2.**

7.  Additionally, the amount in controversy in this case exceeds $75,000 because the Complaint includes a wrongful death claim. *See* Paragraph 57 of Plaintiff's Complaint, attached hereto as part of Composite Ex. 1.

8.  Courts have held that it is facially apparent that a complaint including a wrongful death claim satisfies the federal amount in controversy requirement. *See Travelers Prop. Cas. Co. of Am. v. Eastman Kodak Co.*, 816CV00465EAKJSS, 2016 WL 11491579 (M.D. Fla. Aug. 1, 2016) (finding while Plaintiff does not include the exact figure of their settlement with the Estate, common sense dictates the amount in controversy would likely exceed $ 75,000, given that the claims at issue are based on the death of a human being (*Citing Roe v. Michelin N. Am., Inc.*); *see also Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 WL 506954, at *3 (S.D. Fla. Feb. 27, 2009) (citation omitted) (finding removal of complaint alleging claims under Florida's wrongful death statute was removable on its face).

9.  Therefore, CVS has met its burden in establishing the amount in controversy requirement. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996) (when a plaintiff's demand for damages is unspecified, the courts apply the preponderance of the evidence standard to determine the amount in controversy), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1343–44 (11th Cir. 2018) (Courts "'measure the value of the object of litigation solely from the plaintiff's perspective' rather than considering the value of the litigation from either the plaintiff's or defendant's perspective."); *Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *2

(S.D. Fla. 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

10. Prior to his death, the decedent, Uken Cummings, was a resident of Orange County, Florida. *See* Paragraph 4 of Plaintiff's Complaint, attached hereto as part of Composite Ex. 1. Additionally, the Estate of Uken Cummings was formed in Orange County, Florida. *See* Docket of Formal Administration of Estate of Uken L Cummings, attached hereto as **Exhibit 3.** Consequently, pursuant to 28 U.S.C. § 1332 (b)(2), Uken Cummings is deemed a citizen of Florida.

11. Defendant, Shamosh 5, LLC, is a foreign limited liability company, formed under the laws of the state of Delaware, with its sole member being located in Brooklyn, New York, and its principle place of business located in Brooklyn, New York. *See* Fla. Division of Corporations 2023 Annual Report, attached hereto as **Exhibit 4**. Therefore, Defendant, Shamosh 5, LLC, is a citizen of New York. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen'")(quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004)).

12. Further, CVS is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. *See* Fla. Division of Corporations 2023 Annual Report, attached hereto as **Exhibit 5**. As such, and pursuant to 28 U.S.C. § 1332(c)(1), CVS Pharmacy, Inc. is a citizen and resident of Rhode Island. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business.").

13. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendants, who are citizens of Rhode Island and New York.  Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

14. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), CVS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Ninth Judicial Circuit for Orange County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service.  A copy of the Notice of Filing is attached hereto as **Exhibit 6**.

Dated:  7/3/2023

        Respectfully submitted,

        */s/ Jacob J. Liro*
        Jacob J. Liro, Esquire (32720)
        JLiro@wickersmith.com
        WICKER SMITH O'HARA
         McCOY & FORD, P.A.
        2800 Ponce de Leon Boulevard
        Suite 800
        Coral Gables, FL  33134
        Telephone:     (305) 448-3939
        Facsimile:      (305) 441-1745
        Attorneys for Holiday CVS, LLC

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on July 3, 2023, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                              */s/ Jacob J. Liro*
                                              Jacob J. Liro, Esquire

## SERVICE LIST

Sekou M. Clarke, Esquire
The Sekou Clarke Law Group
250 N Orange Avenue, Suite 1030
Orlando, FL 32801
Telephone:    (407) 295-2138
Facsimile:     (407) 386-8809
service@sclarkelaw.com